UNITED STATES *v.* WOTTEN *et al.*

*(Circuit Court, D. Massachusetts. May 27, 1892.)*

1. CUSTOMS DUTIES—"PLUCKED" CONEY SKINS.
"Pulled" or "plucked" coney skins—that is, such as have had the hair removed from them—are not dutiable as "dressed furs or skins," within Tariff Act 1890, par. 444, but are entitled to entry free, under paragraph 588, as "fur skins, not dressed in any manner."

2. SAME—CONSTRUCTION OF STATUTE.
Where the language of the tariff acts has been substantially the same in respect to certain goods, a construction uniformly applied by the treasury department since 1846 will not be disregarded except for very cogent reasons.

At Law. Proceedings by the United States to obtain a review of a decision of the board of general appraisers reversing a decision of the collector. Affirmed.

*Frank D. Allen*, U. S. Atty., *Henry A. Wyman*, Asst. U. S. Atty., and *Elihu Root*, for the United States.

*Whitehead & Suydam*, for respondents.

COLT, Circuit Judge. This is an appeal from the decision of the board of general appraisers, (Act June 10, 1890, § 15.) The question raised relates to the proper classification under the tariff act of October 1, 1890, of pulled coney skins, which are known in the trade as "hatters' furs." The collector classified this import under paragraph 444 of the tariff act of October 1, 1890, which is as follows:

"Furs dressed on the skin, but not made up into articles, and furs not on the skin, prepared for hatters' use, twenty per centum *ad valorem.*"

The importers contended that the import was entitled to entry free, under section 588 of the same act, as "fur skins of all kinds, not dressed in any manner." The board of general appraisers reversed the decision of the collector, and decided in favor of the importers. Coney skin is the skin of a rabbit. In its crude state it is of small value. To put it into a marketable condition, it is cut open, spread out flat, and the ends cut off, and, after being put through this operation, it is called an "unplucked" skin. In addition to this, the skin is dampened and cleaned, and by the aid of a sharp knife the hairs are plucked from the skin, leaving only what is known as the "fur." It then becomes a "plucked" skin. The only question in this case is whether a plucked coney skin is a dressed fur within the meaning of the tariff act of October 1, 1890.

In the opinion of general dealers in furs, a plucked fur is not a dressed fur, the word "dressing," as understood by them, having reference to a treatment of the pelt or skin, as distinct from the fur, while, in the opinion of those familiar with hatters' furs, it would seem that plucking is a part of the operation of dressing, and that, therefore, a plucked fur is at least a partially dressed fur.

The evidence in this case is voluminous, and it is mainly directed towards obtaining the views of dealers in furs as to what constitutes a dressed fur. Upon this point the evidence is conflicting. It does not seem to me, however, that the case turns upon this debatable question. Tariff laws relate to commerce, and the first and guiding rule in their interpretation is to discover what is the commercial designation of the particular article, as understood among importers and traders. Whatever may be the opinion, therefore, of dealers in hatters' furs as to whether a "pulled" fur is, strictly and technically speaking, a "dressed" fur, or a fur "dressed in any manner," I do not think, upon an examination of the whole record in this case, it can be said that in a commercial sense a "pulled" fur is a "dressed" fur. Since the tariff act of 1846, substantially the same language has been used with respect to dressed and undressed skins in all the tariff acts down to and including the act of 1890, and under a uniform current of treasury decisions, beginning with that of October 15, 1868, pulled coney skins have been classified as "undressed skins." These rulings by the executive department of the government should have great weight, because it may be fairly presumed that the importation has been made upon the faith of the decisions and classification hitherto made by the government. The supreme court of the United States lays down the principle that, where there has been a long acquiescence in the construction of a law as adopted by the government, and where by such construction the rights of parties have for many years been determined, it will not be disregarded without the most cogent and persuasive reasons. *Robertson* v. *Downing*, 127 U. S. 607, 8 Sup. Ct. Rep. 1328. It must be assumed, I think, that congress intended this interpretation of the law, because in the report prepared in 1884 by the committee of finance of the United States senate, known as the Senate Report No. 12, pulled skins are classified as "undressed skins." Taking, therefore, the meaning of this import in its general commercial sense, the rulings of the treasury department, and the evident intent of congress, I feel bound to hold that pulled coney skins are not to be classified as a dressed fur or skin, under paragraph 444 of the tariff act, but that they come under paragraph 588, as a fur skin, not dressed in any manner.

The decision of the board of general appraisers is affirmed.